

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Affirms*
*O-6257*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7412

Re: Whether the Commissioners
Court of Montgomery County
has the authority to enter
the order dated September
16, 1946? Is the tax col-
lector of said county auth-
orized to act as directed
in said order?

You have requested the opinion of this department upon the captioned questions. The occasion giving rise to your request, as we understand it, is that in 1945, the Commissioners Court of Montgomery County, sitting as a Board of Equalization, fixed the assessed valuation of all minerals located in the county at thirty-four and four-tenths per cent of the one hundred per cent value in comparison to the assessed valuations of minerals in previous years of approximately twenty-five per cent of one hundred per cent valuation. In 1946, several protests were made to the Commissioners Court that this 1945 basis for deter-mining the assessed valuation of these minerals was exces-sive in comparison to other assessments. After an investi-gation into the matter, the Commissioners Court on September 16, 1946, entered the order in question, a portion of which order reads as follows:

"The protests, objections and applications
for relief of various persons, firms and corpora-
tions owning oil, gas and mineral interests in
land in Montgomery County, Texas, against alleged
discriminatory assessments made by this Board for
the year 1945 claimed to have resulted from fol-
lowing an illegal plan of assessment having been

Honorable George H. Sheppard, Page 2

further considered and the Board having heard
and weighed the evidence and testimony of
numerous witnesses regarding values, and
having heard and considered fully the reports,
evidence and testimony of its appraisal ex-
perts, Pritchard & Abbott, and their employees,
and being fully informed in the matter, finds
and concludes that the oil, gas and mineral
interests in land in Montgomery County, Texas,
were assessed for taxation for the year 1945
at a valuation greater than that placed upon
other property in Montgomery County, Texas,
of similar value, and out of proportion to the
taxable value of such property, and the agents
of numerous persons, firms and corporations
owning mineral interests or oil and gas
interests in land in Montgomery County, Texas,
having appeared before this Court, sitting as
a Board of Equalization, and applied for re-
lief and having renewed their protests against
the assessments made by this Board for the
year 1945, and the Court having heard the
testimony of competent and disinterested wit-
nesses, and having made such personal and
independent investigation as it deems necessary
and expedient, and having found after full in-
vestigation that the assessments of such pro-
perty for the year 1945 were discriminatory and
out of proportion to the taxable value of such
oil and gas property and mineral interests in
land and that the enforced or attempted collection
of the accumulated delinquent taxes, penalty,
interest and costs on such assessments for the
year 1945 would be inequitable and confiscatory,
and it appearing that this Board erroneously
determined heretofore to assess such properties
on a basis of thirty-four and four-tenths per
cent of the one hundred per cent valuation shown
in the report of Pritchard & Abbott on file with
the Court, and that the percentage of the one
hundred per cent valuation found by Pritchard
& Abbott ought to be reduced to 29.4, Twenty-nine
and four-tenths per cent of such values for the
year 1945, it is therefore accordingly ordered,

Honorable George H. Sheppard, Page 3

adjudged and decreed that the assessments for the year 1945 shall be on a basis of 29.4 per cent of the one hundred per cent valuation shown by Pritchard & Abbott in their 1945 report, the adjustment as to the assessed values of mineral and mineral interests being necessary in the judgment of this Board in order to make such assessments equitable and just.

"The Clerk of this Court shall furnish to Honorable George H. Sheppard, State Comptroller, a certified copy hereof to the Assessor and Collector of Taxes of this County, who shall make the necessary corrections on his rolls and receive payment of taxes for the year 1945 on the basis above fixed, the interest and penalties to be calculated on such adjusted assessments, as provided by law."

You have requested us to advise whether this is a valid order and whether the Commissioners Court has the authority to find and determine as it did in this order; also, whether the tax collector is authorized to act as directed in said order.

Apparently the Commissioners Court of Montgomery County was basing its authority to enter such order as above quoted upon Article 7345d, V.A.C.S. We say this for the reason that the Commissioners Court in drafting the order followed the procedure prescribed in this statute and likewise found what the assessed value should be in lieu of what was previously determined by the court to be the correct value at which taxes should be collected. This department in Opinion No. O-930 held that Article 7345d was unconstitutional. This holding was re-affirmed in Opinion No. O-6257. Since you are familiar with these opinions we have not enclosed copies of them.

As was pointed out in Opinion No. O-6257, if assessments are void, the property involved should be reassessed at a corrected value. The idea being that a void assessment is a nullity, and the property involved would be in a status of not having been assessed at all and that it would be necessary that the property be assessed so

Honorable George H. Shepperd, Page 4

taxes could be collected thereon.

The only way, therefore, that the minerals in question can be assessed at a different value than that found in 1945 is upon the ground that the 1945 assessments are void. Whether these assessments are void is not before us and we render no opinion thereon. If the assessments involved are void, the procedure to be followed is that prescribed in Articles 7346 and 7347, V.A.C.S. These articles in effect provide that whenever the commissioners court shall find that any previous assessments on any real property are invalid, a list of such properties should be prepared and given to the tax assessor who proceeds at once to make the assessments. This is then submitted to the commissioners court, who passes on the values fixed by the assessor.

If by the order in question the Commissioners Court is attempting to re-assess the minerals in accordance with Article 7345d, then it is acting clearly beyond its authority. If the Commissioners Court is finding that 1945 assessments on the minerals are void, then it does not have the authority as it attempted to do in the order under consideration, to instruct the tax assessor as to what the re-assessed value of these minerals should be. It is the tax assessor's duty to re-assess these minerals, if the 1945 assessment is void, and for the commissioners court to pass on the valuations fixed by him. The tax assessor may assess the minerals at a value equal to twenty-nine and four-tenths of their one hundred per cent value if he deems this to be the correct assessed valuation, but he does this on his own initiative and not from any instructions from the Commissioners Court.

It has been suggested that since the court in the case of Lively, et al v. M. K. & T. Railway Company, 120 S. W. 852, re-assessed some property where only mathematical computations were necessary, that the commissioners court in the present situation could do likewise. In the Lively case, all of the property was assessed at 66 2/3 per cent of its market value except one parcel which was assessed at its full value. The court re-assessed this parcel at 66 2/3 of its value to meet the standard use in the assessment of the

other properties. Such is not the condition that exists in the Montgomery situation; no property is being reduced to meet a standard used in finding the assessed valuation of like property; no property is being reduced to meet the standards used in determining the assessed valuation of any kind of property. A new assessment is being made and where such is the case, the courts recognize that the principle laid down in the Lively case has no application. Electra Independent School District v. W. T. Waggoner Estate, 140 Tex. 483, 168 S. W. 2d 645.

We trust the foregoing answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 4, 1946

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch
Robert O. Koch
Assistant

ROK:ms

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN